# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KENNETH PAGLIAROLI, | : | |
| | : | Civil Action No. 18-9585 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM ORDER** |
| | : | |
| STEVEN S. JOHNSON, | : | |
| | : | |
| Respondent. | : | |

**THIS MATTER** is opened to the Court by Petitioner Kenneth Pagliaroli ("Petitioner") upon the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 state court conviction for conspiracy, N.J.S.A. 2C:5–2; armed robbery, N.J.S.A. 2C:2–6 and 2C:15–1; aggravated manslaughter, N.J.S.A. 2C:11–4a, as a lesser-included offense of murder, N.J.S.A. 2C:11–3a(1) and 2C:11–3a(2); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4a. (ECF No. 6.)

After a jury convicted him, the Appellate Division affirmed his conviction and sentence, *State v. Pagliaroli*, No. A-6153-05T4, 2009 WL 928485 (N.J. Super. Ct. App. Div. Apr. 8, 2009), and the New Jersey Supreme Court denied certification, *State v. Pagliaroli*, 976 A.2d 383 (N.J. 2009). Petitioner did not file a petition for certiorari with the United States Supreme Court.

On February 22, 2010, Petitioner filed a petition for post-conviction relief ("PCR"). (Am. Pet. ¶ 11(a)(1).) The PCR court denied his petition on April 19, 2011 (Am. Pet. ¶ 11(a)(8)), and he filed an appeal on January 5, 2012 (Am. Pet. ¶ 11(b)(3)). On July 31, 2014, the Appellate Division partially affirmed, partially reversed and remanded his PCR petition. *State v. Pagliaroli*, No. A-2167-11T3, 2014 WL 3743136, at *6 (N.J. Super. Ct. App. Div. July 31, 2014). After an

evidentiary hearing on remand, the PCR court again denied relief and the Appellate Division affirmed. *State v. Pagliaroli*, No. A-5054-14T1, 2017 WL 3027504 (N.J. Super. Ct. App. Div. July 18, 2017). The New Jersey Supreme Court denied certification on January 12, 2018. *State v. Pagliaroli*, 178 A.3d 38, 39 (N.J. 2018). On May 7, 2018, Petitioner filed the instant habeas Petition. (ECF No. 1.)

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

The AEDPA limitations period is tolled, however, during any period a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). The PCR petition is considered to be pending, and the AEDPA limitations period continues to be tolled, during the time the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420–24 (3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). If the petitioner files an untimely appeal the state appellate court nonetheless addresses on its merits, AEDPA tolling resumes upon the untimely appeal's filing, but the period between the deadline for a timely appeal and the actual filing of the untimely appeal is not tolled. *See Evans v. Chavis*, 546 U.S. 189, 191, 197, 200–01 (2006) (citing *Saffold*, 536 U.S. at 219–21); *Douglas v. Horn*, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired"); *Thompson*, 701 F. App'x. at 121–22 ("[A]n application is pending during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law") (internal quotation marks omitted); *Swartz v. Meyers*, 204 F.3d 417, 424, n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").[1]

---

[1] *See also, e.g.*, *Harris v. Nogan*, No. 17–259, 2017 WL 5725054, at *3–5 (D.N.J. Nov. 28, 2017) (counting days between timely appeal deadline and untimely appeal filing towards AEDPA limitations period), *aff'd sub nom Harris v. Attorney Gen. of the State of N.J.*, No. 18-1037 (3d Cir. Apr. 20, 2018)(denying certificate of appealability); *Gilkes v. Hendricks*, No. 14–3209, 2017 WL 4179812, at *3–4 (D.N.J. Sept. 20, 2017) (same); *Drake v. Johnson*, No. 15–2837, 2016 WL

Here, Petitioner's judgment became final on October 12, 2009, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. His one-year statute of limitations period then began to run and was tolled 132 days later when he filed his PCR petition on February 22, 2010. The PCR court denied his petition on April 19, 2011. He then had 45 days to file his notice of appeal. *See* N.J. Ct. R. 2:4-1(a). When he failed to do so, the statute of limitations period once again began to run on June 6, 2011. On January 5, 2012, after an additional 213 days of his one-year limitations period ran, he filed his notice of appeal with the Appellate Division, which tolled the limitations period. When the New Jersey Supreme Court denied his petition for certification on January 12, 2018, his limitations period began running again, and continued until it expired 20 days later on February 2, 2018. As a result, the habeas Petition he filed in May 2018 was approximately three months late.[2]

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears

---

1069912, at *2–3 (D.N.J. Mar. 18, 2016) (same); *Smith v. Holmes*, No. 13–1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) ("when an untimely appeal is filed–even if the appeal is accepted as properly filed by the state appeals court–statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed"); *Martin v. D'Ilio*, No. 15–7158, 2017 WL 1003246, at *2 (D.N.J. Mar. 15, 2017 (same); *Alvarenga v. Lagana*, No. 13–4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), *aff'd sub nom Alvarenga v. Admin N. State Prison*, No. 16–3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability); *Rullan v. New Jersey*, No. 15-140, 2018 WL 1378692, at *2 (D.N.J. Mar. 19, 2018) (same); *Comer v. Johnson*, No. 17-1005, 2018 WL 1469052, at *5 (D.N.J. Mar. 26, 2018) (same).

[2] It is possible there are other gaps of time in his PCR filings which would make his Petition even later, but the Court is unable to determine whether that is the case at this juncture due to the limited information contained in the Petition. If Petitioner opts to seek equitable tolling, he is advised to also address any other time gaps which may not have been mentioned in this Order.

the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89.

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d

at 89 (holding equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

In his Petition, Petitioner fails to set forth any basis for the equitable tolling of his limitations period, and this Court perceives no basis for tolling from the Petition. Petitioner's habeas Petition therefore appears to be time barred. Because Petitioner did not address the time bar issue in his Petition, however, the Court will permit him to present any basis he may have for the tolling of the limitations period within thirty days of the date of this Order.

Accordingly, and for good cause appearing,

**IT IS** on this 6th day of September 2018,

**ORDERED** that the Clerk of the Court shall make a new and separate entry marking this matter **RE-OPENED**; and it is further

**ORDERED** that Petitioner shall show cause within thirty (30) days of the date of this Order why his Petition for a Writ of Habeas Corpus should not be dismissed as untimely; failure by Petitioner to timely respond to this Order may result in the dismissal of his Petition with prejudice as time barred; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**