UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH PAGLIAROLI,** | Civil Action No. 18-9585 (ZNQ) |
| Petitioner, | |
| v. | |
| **STEVEN S. JOHNSON,** | **OPINION** |
| Respondent. | |

Petitioner Kenneth Pagliaroli, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions. (ECF No. 6.) Rule 4 of the Rules Governing Section 2254 Cases requires this Court to review the petition and determine whether it plainly appears from the petition that the petitioner is not entitled to relief. The Court has reviewed the parties' submissions regarding the timeliness of the petition, and the Court will dismiss the petition with prejudice as time barred.

I. **FACTUAL BACKGROUND**

On March 10, 2006, a jury found Petitioner guilty of aggravated manslaughter, conspiracy to commit aggravated manslaughter, armed robbery, conspiracy to commit armed robbery, and possession of a weapon for an unlawful purpose. (*See* ECF No. 12-1.) The New Jersey Superior Court entered its judgment of conviction on June 16, 2006. (*See id.*)

Petitioner filed a notice of appeal 48 days later on August 3, 2006. (*See* ECF No. 12-2.) The New Jersey Superior Court, Appellate Division affirmed Petitioner's convictions in an unpublished decision on April 8, 2009. *See State v. Pagliaroli*, No. A-6153-05T4, 2009 WL 928485, at *21 (N.J. Super. Ct. App. Div. Apr. 8, 2009). The New Jersey Supreme Court denied

Petitioner's petition for certification on June 10, 2009. *See State v. Pagliaroli*, 976 A.2d 383 (N.J. 2009). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

Instead, on February 22, 2010, Petitioner filed a petition for post-conviction relief ("PCR"). (*See* ECF No. 12-6.) The PCR court denied Petitioner's petition in a written decision on April 19, 2011. (*See* ECF No. 12-7.)

Petitioner proceeded to file a notice of appeal on January 5, 2012. (*See* ECF No. 12-8.) The Appellate Division affirmed in part, denied in part, and remanded his PCR. *State v. Pagliaroli*, No. A-2167-11T3, 2014 WL 3743136, at *6 (N.J. Super. Ct. App. Div. July 31, 2014). After an evidentiary hearing on remand, the PCR court denied relief in an oral decision on May 15, 2015. (*See* ECF No. 12-10, at 5).

Petitioner filed a notice of appeal of the PCR court's May 15, 2015 decision 62 days later on July 15, 2015. (*See* ECF No. 12-10.) The Appellate Division affirmed on July 18, 2017. *State v. Pagliaroli*, No. A-5054-14T1, 2017 WL 3027504, at *7 (N.J. Super. Ct. App. Div. July 18, 2017). Petitioner filed a petition for certification,[1] which the New Jersey Supreme Court denied on January 12, 2018. *State v. Pagliaroli*, 178 A.3d 38, 39 (N.J. 2018).

In a letter dated April 19, 2018, Jodi Ferguson, Assistant Deputy Public Defender, informed Petitioner that the New Jersey Supreme Court had denied his petition for certification. (*See* ECF No. 12-13.) Petitioner received the letter and a copy of the New Jersey Supreme Court's decision on April 25, 2018. (*See* ECF No. 12-15.)

On May 21, 2018, Petitioner filed a habeas petition 129 days after the New Jersey Supreme Court denied certification. (*See* ECF No. 1.) Petitioner amended his petition on July 3, 2018. (*See* ECF No. 6.) The Court undertook a preliminary review of the amended petition pursuant to Rule

---

[1] The record is unclear as to when Petitioner filed the petition for certification.

4 of the Rules Governing Section 2254 Cases and believed it to be time barred subject to equitable tolling arguments. (ECF No. 7.) The Court, therefore, provided the parties with notice of the Court's concerns and an opportunity to address the issue. (ECF Nos. 7, 9.) The parties have briefed the timeliness issue, and it is ripe for review.

## II. LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases requires courts to examine petitions for a writ of habeas corpus. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4. According to the Rule, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209–10 (2006).

## III. ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period typically begins to run, as it does here,[2] when the underlying judgment "bec[omes]

---

[2] Section 2244(d)(1) provides that the limitation period shall run from the latest of:

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Where a habeas petitioner has previously pursued direct appeal to a state's highest court but has not sought certiorari from the United States Supreme Court, the limitations period begins to run upon the expiration of the ninety-day period to petition the Supreme Court for certiorari. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* Sup. Ct. R. 13.1.

Here, Petitioner completed his direct appeals on June 10, 2009, when the New Jersey Supreme Court denied Petitioner's petition for certification. *See Pagliaroli*, 976 A.2d at 383. Thus, his judgment became final, and the one-year limitations period began to run, on October 8, 2009[3] when the ninety-day period for seeking certiorari from the United States Supreme Court expired. *See Jenkins*, 705 F.3d at 84; *see also* Sup. Ct. R. 13.1.[4] Absent statutory tolling or other equitable considerations, therefore, his habeas petition was due one year later, by October 8, 2009.

---

        recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner makes no allegation that "an impediment" existed under state law which violated the Constitution and which prevented him from filing this action under subsection (B) of the Act. Further, Petitioner makes no allegation that the case involves a new right recognized by the Supreme Court under subsection (C) or that the factual predicate for the claims was only recently discovered under subsection (D). Accordingly, only subsection (A) is applicable in this case.

[3] The Court notes that in its September 6, 2009 opinion, it incorrectly stated that Petitioner's judgment became final on October 12, 2009.

[4] One may argue that the judgment became final earlier because it appears that Petitioner's notice of appeal was untimely by three days. Pursuant to New Jersey law, Petitioner had forty-five days to appeal the judgment of conviction. *See* N.J. Ct. R. 2:4-1(a). There is a slight modification of the Rule in certain cases where a trial court order grants a PCR petition "under the limited circumstances where defendant has demonstrated ineffective assistance of counsel in trial

**A. Statutory Tolling**

By statute, the time during which a properly filed[5] PCR petition is pending does not count toward the one-year AEDPA limitations period. 28 U.S.C. § 2244(d)(2). A PCR petition is pending during the time the petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219−21 (2002). If the petitioner files an untimely appeal the state appellate court nonetheless addresses on its merits, tolling resumes upon the untimely appeal's filling, but the period between the deadline for a timely appeal and the actual filing of the untimely appeal counts toward the one-year period. *See Evans v. Chavis*, 546 U.S. 189, 191, 197, 200−01 (2006).

---

counsel's failure to file a direct appeal . . . upon defendant's timely request," *see* N.J. Ct. R. 2:4-1(a)(2), but the Court is unaware of any such order. Thus, Petitioner had until Monday, July 31, 2006 to file his notice of appeal but did not do so until August 3, 2006. (ECF No. 12-2.)

Arguably, then, "the date on which the judgment became final by . . . the expiration of the time for seeking [direct] review" occurred on July 31, 2006. The period for filing Petitioner's habeas petition, therefore, may have expired as early as July 31, 2007.

The United States Supreme Court considered a similar issue in *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In *Jimenez*, the Court held that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)" until "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Id.* at 121.

The instant case has an additional wrinkle, however, because it does not appear that a PCR court granted Petitioner the right to file the untimely direct appeal – instead, it seems as though the Appellate Division never raised the issue of timeliness on direct appeal. Regardless of whether *Jimenez*'s holding applies to these facts, this Court need not decide the issue at this time because, as discussed below, the Petition is untimely for other reasons.

[5] A properly filed application is one that was accepted for filing by the appropriate court officer and was filed within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition. *See* N.J. Ct. R. 3:22-12(a).

In the instant case, the limitations period began to run on October 8, 2009, the date Petitioner's judgment of conviction became final. It continued to run for 137 days until Petitioner properly filed[6] his PCR petition on February 22, 2010. *See* 28 U.S.C. § 2244(d)(2).

After the PCR court denied Petitioner's petition on April 19, 2011, (*see* ECF No. 12-7), Petitioner had 45 days, *i.e.*, until Friday, June 3, 2011, to appeal the denial of his PCR petition. *See* N.J. Ct. R. 2:4-1(a). When he failed to do so, the limitations period began to run for another 216 days until January 5, 2012, the date he ultimately submitted his notice of appeal. *See Evans*, 546 U.S. at 191, 197, 200−01.[7] At this point, Petitioner had twelve days remaining to file his habeas petition.

The Appellate Division remanded Petitioner's PCR petition for a limited hearing on July 31, 2014. *Pagliaroli*, 2014 WL 3743136, at *6. After an evidentiary hearing on remand, the PCR court again denied relief in an oral decision on May 15, 2015. (*See* ECF No. 12-10, at 5). Petitioner had 45 days, *i.e.*, until June 29, 2015, to appeal this latest decision, *see* N.J. Ct. R. 2:4-1(a), but he failed, yet again, to do so in a timely fashion. (*See* ECF No. 12-10.) The limitations period, therefore, began to run for an additional 17 days until he filed his notice of appeal on July 16, 2015. (*Id.*) By this time, Petitioner had exceeded the one-year period to file his habeas petition by 5 days.

---

[6] Petitioner filed his PCR petition within five years from the entry of the June 16, 2006 judgment of conviction. *See* N.J. Ct. R. 3:22-12(a). The Clerk accepted the petition for filing. (*See* ECF No. 1.)

[7] Respondent's limited answer on timeliness does not consider the periods between the deadlines for timely appeals and Petitioner's actual filings of the untimely appeals. These periods count toward the one-year AEDPA limitations period. *See Evans*, 546 U.S. at 191, 197, 200−01.

On July 18, 2017, the Appellate Division affirmed the PCR court's May 15, 2015 decision. *Pagliaroli*, 2017 WL 3027504, at *7. The New Jersey Supreme Court again denied Petitioner's petition for certification on January 12, 2018. *Pagliaroli*, 178 A.3d at 39.[8]

Petitioner did not seek certiorari from the United States Supreme Court regarding his PCR petitioner. Unlike direct appeal, the ninety-day period for which he could have done so does not toll the limitations period. *See Stokes v. District Attorney of Cnty. of Phila*, 247 F.3d 539, 542 (3d Cir. 2001). The limitations period, therefore, began to run for an additional 129 days until Petitioner filed his initial habeas petition on May 21, 2018. Accordingly, Petitioner's habeas petition is 134 days late and, therefore, time barred unless equitable considerations apply.

### B. Equitable Tolling

The one-year AEDPA limitations period is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 649.

#### a. Reasonable Diligence

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Id.* at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding the "obligation

---

[8] Petitioner had twenty days to file a notice of petition for certification from the New Jersey Supreme Court. N.J. Ct. R. 2:12-3(a). The record is unclear regarding whether Petitioner did so in a timely fashion. If he did not, the period between the deadline for a timely appeal (here, August 7, 2017) and the actual filing of the untimely appeal would count toward the one-year period and further demonstrate that the petition is untimely. *See Evans*, 546 U.S. at 191, 197, 200–01.

to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Courts should examine reasonable diligence under a subjective test and consider it in light of the particular circumstances of the case. *See Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013); *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks omitted) (citations omitted).

Petitioner argues that equitable tolling is appropriate in this matter because his counsel did not inform him that the New Jersey Supreme Court denied his PCR petition for certification until April 19, 2018. (*See* ECF No. 8.) Moreover, Petitioner did not receive a copy of the New Jersey Supreme Court's decision until April 25, 2018. (*Id.*) Petitioner asserts that "soon after, [P]etitioner had a paralegal write his petition." (*See id.*)

In essence, Petitioner asserts that he was diligent in pursuing his rights after he received notification that the New Jersey Supreme Court denied certification. Petitioner, however, fails to demonstrate that he was diligent during the entire period that he pursued his state and federal rights. *See LaCava*, 398 F.3d at 277.

With respect to the period in which he pursued his state rights, the record is replete with instances of Petitioner failing to timely appeal the denial of his PCR petition. For example, Petitioner failed to timely appeal the PCR court's April 19, 2011 and June 29, 2015 decisions denying his PCR petition.

With respect to his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir.

8

2012) (finding that petitioner failed to diligently pursue his federal rights by failing to file a protective federal petition while pursuing state collateral relief)), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017); *see also Wallace v. Mahanoy*, 2 F.4th 133, 150 (3d Cir. 2021) (holding that after the denial of his state PCR petition, petitioner should have been aware "that federal relief could be necessary," and thus, he was not reasonably diligent because he "waited another full year" to file his § 2254 petition).

In the present case, Petitioner could have, but failed, to file a protective § 2254 petition. In particular, after becoming aware of the dismissal of his PCR petition on April 19, 2011, Petitioner should have considered whether "federal relief could be necessary." *Wallace*, 2 F.4th at 150. At that point, Petitioner still had 228 days to file a protective § 2254 petition. In addition, Petitioner had numerous other opportunities to file a protective petition. For these reasons, Petitioner was insufficiently diligent in pursuing his state and federal rights. *See id.*

    b. **Extraordinary Circumstances**

A court also must determine whether extraordinary circumstances exist to warrant equitable tolling. Generally, a petitioner's attorney's excusable neglect does not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, a petitioner can trigger equitable tolling only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 560 U.S. at 648–49.

Here, Petitioner argues that his counsel negligently failed to inform him that the New Jersey Supreme Court denied his petition for certification until April 19, 2018. (*See* ECF No. 8.) Such facts, however, fail to demonstrate an extraordinary circumstance. Garden variety claims of attorney negligence do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651. Moreover, Petitioner does not otherwise demonstrate that extraordinary circumstances prevented him from filing a timely habeas petition. *LaCava*, 398 F.3d at 275–76. As nothing in Petitioner's submission demonstrates that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (emphasis added).

Finally, even if the Court did toll the statute of limitations period for the time between the New Jersey Supreme Court's decision denying certification and the time that Petitioner filed the habeas petition, the petition would still be untimely by at least 5 days because the one-year limitations period expired before the New Jersey Supreme Court issued its decision. Accordingly, this matter does not warrant equitable tolling and the statute of limitations bars Petitioner's habeas petition.[9]

---

[9] Courts have consistently declined to excuse petitions that are even a few days tardy. *See, e.g.*, *Garrick v. DiGuglielomo*, 162 F. App'x 122, 122–25 (3d Cir. 2005) (affirming dismissal of habeas petition as untimely by 6 days where the petitioner failed to establish the application of equitable tolling); *Wilson v. Tice*, No. 18-2310, 2019 WL 1645226, at *4 (E.D. Pa. Jan. 7, 2019) (recommending dismissal of habeas petition that was 5 days late); *Reyes-Burgado v. Overmyer*, No. 18-0115, 2018 WL 6610351, at *4 n.8 (E.D. Pa. Oct. 30, 2018) (recommending dismissal as untimely because "[t]he fact that the petition was filed only three days late does not alter [the] recommendation"); *Villatoro v. Ferguson*, No. 15-6119, 2016 WL 2983775, at *3 n.4 (E.D. Pa. Mar. 28, 2016) ("[T]he fact that the instant petition was filed one day late, as opposed to one month or one year late, does not alter the recommendation that the petition is time-barred."); *Brown v. United States*, No. 10-2784, 2011 WL 2148181, at *3 (D.N.J. May 31, 2011) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere.") (internal citation omitted); *see also Lookingbill*

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court dismisses the petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." *Id.*

For the reasons expressed above, Petitioner's habeas petition is clearly time barred, and Petitioner has failed to show that he is entitled to equitable tolling. As such, jurists of reason could not debate that this Court was correct in dismissing the petition as time barred, and Petitioner's habeas petition does not warrant encouragement to proceed further. Therefore, this Court denies Petitioner a certificate of appealability.

---

*v. Cockrell*, 293 F.3d 256, 264–65 (5th Cir. 2002) ("AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions. . . . We consistently have denied tolling even where the petition was only a few days late.").

## V. CONCLUSION

For the foregoing reasons, the Court will deny the Petition with prejudice and will not issue a certificate of appealability.  An appropriate Order follows.

                                                              **Zahid N. Quraishi**
                                                              **United States District Judge**